# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHAMORCUS BRANDAN NESBITT

    v.                                                  Case No: 17-cv-740 T-24 MAP
                                                                          14-cr-254 T-24 MAP

UNITED STATES OF AMERICA
_____/

# ORDER

       This cause comes before the Court on Petitioner Shamorcus Brandan Nesbitt's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as supporting memorandum. (Civ. Docs. 1, 2). The Government filed a response to the § 2255 motion to which it attached an affidavit by Stephen Crawford, Petitioner's trial and appellate counsel (Civ. Doc. 11). Petitioner filed a reply to which he attached a letter from Stephen Crawford (Civ. Doc. 12). Because the Government did not address all of Petitioner's arguments in its response, the Court directed the Government to file a sur-reply. (Civ. Docs. 15, 16). The Court then granted Petitioner's motion for leave to file a response to the Government's sur-reply. (Civ. Docs. 17, 18, 19). Upon review, the Court grants in part and denies in part Petitioner's § 2255 motion.[1]

    **I.**    **Background**

       On February 12, 2015, a jury found Petitioner guilty of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); robbery, in violation of 18 U.S.C. § 1951(a) (Count II); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.

---

[1] Petitioner also filed a motion for partial summary judgment on Ground One of his § 2255 motion. (Civ. Doc. 14). Because all issues raised in that motion are addressed in this Order, Petitioner's motion for partial summary judgment is denied as moot.

§ 924(c)(1)(A)(ii) (Count III); and possession of a firearm and ammunition after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Counts IV and V). (Crim. Doc. 89).

Petitioner's Presentence Investigation Report ("PSR"), classified him as an armed career criminal as defined in United States Sentencing Guideline ("U.S.S.G.") §4B1.4 because the instant offense at conviction (Counts Four and Five) was a violation of 18 U.S.C. § 922(g) and he had six prior violent felony convictions. (Crim. Doc. 101, ¶¶ 42–44). These six prior violent felonies were 1) a 2004 conviction for aggravated assault with a firearm, 2) three 2005 convictions for burglary of a structure committed on different occasions, and 3) two 2008 convictions for burglary of an unoccupied structure committed on different occasions. (Crim. Doc. 101, ¶ 42). Petitioner's classification as an armed career criminal enhanced his total offense level from 22 to 33. (Crim. Doc. 101, ¶¶ 41–44). Petitioner's criminal history score was 21 resulting in a criminal history category of VI. Petitioner's adjusted offense level of 33 with a criminal history category of VI resulted in an advisory guideline sentencing range of 235–293 months as to Counts I, II, IV and V. (Crim. Doc. 101, ¶ 116). Further, Petitioner's term of imprisonment on Count III (brandishing a firearm during the robbery) was required to be imposed consecutively to any other counts pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). (Crim. Doc. 101, ¶ 115).

Petitioner's trial counsel objected to the PSR, arguing that Petitioner's burglary convictions were not violent crimes and therefore Petitioner was not an armed career criminal under U.S.S.G. §4B1.4. (Crim. Doc. 101, pp. 120–121). However, the Court overruled the objection and sentenced Petitioner as an armed career criminal to 348 months in prison, consisting of concurrent terms of 240 months on Counts I and II and 264 months on Counts IV and V, followed by a consecutive term of 84 months on Count III. (Crim. Docs. 106, 107).

Petitioner timely appealed his conviction and sentence, and the Eleventh Circuit affirmed on September 30, 2016. (Crim. Docs. 110, 131, 138).

On March 29, 2017, Petitioner timely filed his § 2255 motion.

**II. Discussion**

Petitioner raises four grounds for relief in his § 2255 motion. In Ground One, Petitioner argues that he is "actually innocent" of the armed career criminal enhancement in light of the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Civ. Doc. 2, pp. 2–4). In Ground Two, Petitioner contends that his appellate counsel was ineffective because he failed to argue on appeal that Petitioner's Florida burglary convictions could not support his armed career criminal enhancement. (Civ. Doc. 2, pp. 5–6). In Ground Three, Petitioner argues that his trial counsel was ineffective for failing to properly advise Petitioner of his sentencing exposure. (Civ. Doc. 2, pp. 7–9). Lastly, in Ground Four, Petitioner contends that his trial and appellate counsel[2] were ineffective due to the cumulative effect of their errors during pre-trial, trial, sentencing, and appeal. (Civ. Doc. 2, pp. 10–12). The Court addresses each argument in turn.

**A. Ground One: Actual Innocence**

The Government concedes that Petitioner's Florida burglary convictions no longer qualify as Armed Career Criminal Act ("ACCA") predicates. (Civ. Doc. 12, pp. 5–8). *See United States v. Esprit*, 841 F.3d 1235, 1241 (11th Cir. 2016) (holding that no conviction under Florida's burglary statute can serve as an ACCA predicate offense); *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague); *Welch v. United States*, 136 S. Ct. 1257 (2016)

---

[2] Petitioner was represented by the same counsel during trial and on appeal.

(making the *Johnson* decision retroactive on collateral review).

Petitioner does not have the three necessary qualifying predicate convictions under the ACCA, and therefore, no longer qualifies as an armed career criminal. Accordingly, Petitioner's § 2255 motion is granted as to Ground One. Petitioner's sentence is set aside, and Petitioner will be resentenced.

### B. Grounds Two, Three and Four: Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id.*

To succeed on an ineffective-assistance-of-counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The reasonableness of an attorney's performance must be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id.* at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). Simply showing that counsel erred is insufficient. *See id.* at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id.* at 692. Therefore, a movant must

establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Supreme Court has held that the same *Strickland* test applies to claims of ineffective assistance of appellate counsel. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, the Sixth Amendment does not require appellate advocates to raise every non frivolous issue. *See Jones v. Barnes*, 463 U.S. 745 (1983). *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. *White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).

**Ground Two: Ineffective Assistance of Appellate Counsel**

In Ground Two, Petitioner argues that his appellate counsel was ineffective for failing to argue on appeal that Petitioner's Florida burglary convictions could not support his armed career criminal enhancement pursuant to *Johnson*. The Government fails to address this argument. However, in his affidavit, Petitioner's appellate counsel concedes that he did not raise the *Johnson* issues on appeal (Civ. Doc. 12-1, ¶ 5). While it is puzzling that counsel argued this issue at sentencing but failed to pursue it on appeal, Petitioner's ACCA sentence is being set aside based on his argument in Ground One. Accordingly, the Court denies as moot Petitioner's motion as to Ground Two.

**Ground Three: Ineffective Assistance of Trial Counsel**

In Ground Three, Petitioner argues that his trial counsel was ineffective for failing to correctly advise Petitioner of his sentencing exposure. He asserts that had he been correctly advised of his sentencing exposure, he would not have proceeded to trial. As Petitioner pointed out in his reply, the Government failed to respond to this argument in its response. The Court

therefore ordered the Government to file a sur-reply addressing Ground Three.

Petitioner claims that his trial counsel was ineffective because he advised Petitioner that he qualified as an armed career criminal, a career criminal, and faced a potential sentence of 30 years to life, if convicted. Petitioner points to a letter written by his trial counsel dated June 30, 2014 (attached to his reply) that states the following:

> The government appears stuck on a thirty-two year minimum mandatory sentence. However, since you are a career criminal, I am sure you are going to be looking at thirty years to life under the United States Sentencing Guidelines. The question becomes what we can do, if anything, to have a chance to be sentenced to something less than thirty-two years.

(Civ. Doc. 13, p. 13).

However, as pointed out by the Government in its sur-reply, these representations regarding sentencing exposure made by trial counsel were accurate statements of the law at the time they were made. At the time trial counsel advised Petitioner that he qualified as an armed career criminal, Petitioner's Florida burglary convictions qualified as ACCA predicates. *See James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015). *James* was not overruled by *Johnson* until June 26, 2015, four months after Petitioner was convicted at trial. Moreover, the new rule of constitutional law announced in *Johnson* was not made retroactive in all ACCA cases until 2016. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Accordingly, Petitioner's trial counsel was not ineffective for advising Petitioner that he qualified as an armed career criminal because this was an accurate statement of law at the time it was made.

Moreover, trial counsel's advice that Petitioner qualified as a career criminal under U.S.S.G. §4B1.1(a) was also a correct statement of the law at the time it was given. Petitioner qualified as a career criminal under U.S.S.G. § 4B1.1(a) and faced a sentencing guideline range

6

of 360 months to life if convicted of the charged violations of 18 U.S.C. §§ 1951(a) and 924(c). This is exactly the sentencing exposure Petitioner's trial counsel advised Petitioner that he was facing.

Because the advice given by Petitioner's trial counsel regarding Petitioner's sentencing exposure was accurate at the time it was given, Petitioner's trial counsel was not ineffective. Petitioner's trial counsel cannot be ineffective under *Strickland* by accurately advising Petitioner of the law at the time. Accordingly, the Court denies Petitioner's motion as to Ground Three.

**Ground Four: Cumulative Effect of Errors by Trial and Appellate Counsel**

In Ground Four, Petitioner argues that the cumulative effect of errors by his trial counsel and appellate counsel amounted to ineffective assistance of counsel. "Under the cumulative-error doctrine, a sufficient agglomeration of otherwise harmless or nonreversible errors can warrant reversal if their aggregate effect is to deprive the defendant of a fair trial." *Insignares v. Sec'y, Fla Dep't of Corr.*, 755 F.3d 1273, 1284 (11th Cir. 2014) (citation omitted). Petitioner points to a variety of alleged errors committed by his trial and appellate counsel that, according to Petitioner, cumulatively amount to a constructive denial of counsel altogether. In its response, the Government fails to specifically address the alleged errors but says "[t]he Petitioner's vague allegations in relation to trial counsel and appellate counsel fall well short of meeting the burden that Petitioner was denied the effective assistance of trial counsel at trial or appellate level." (Civ. Doc. 12, p. 10).

First, Petitioner asserts that his trial counsel failed to file a motion to suppress based on deficient probable cause. Petitioner's trial counsel (who has over thirty years of criminal law experience and has tried numerous cases both as a prosecutor and a defense attorney) states in his

7

affidavit that he did consider filing such a motion, but determined after conducting legal research that such a motion was unwarranted. (Civ. Doc. 12-1, ¶ 8). That Petitioner's trial counsel considered such a motion but after investigation determined that it was unwarranted is a judgment call by an experienced criminal trial counsel and does not fall below the "objective standard of reasonableness" required by *Strickland*. In addition, Petitioner has not shown prejudice as he has not shown that such a motion would have had any chance of success.

Petitioner next argues that his trial counsel erred by failing to file a motion to dismiss because the superseding indictment was the result of prosecutorial vindictiveness. In his affidavit, Petitioner's trial counsel states that he determined that there was no prosecutorial vindictiveness, given the Government's superseding indictment contained additional counts with additional criminal charges. (Civ. Doc. 12-1, ¶ 8). Whether to file a motion to dismiss based on prosecutorial vindictiveness falls into the wide range of strategic decisions a trial counsel must make, and the decision not to file such a motion if counsel thinks it is without merit cannot be deemed ineffective. In addition, Petitioner has not shown he was prejudiced by counsel's decision not to file the motion because he has presented no evidence that it would have been successful.

Petitioner next asserts that his trial counsel was ineffective for failing to request a DNA analysis on a sweater worn by the gunman in the robbery and a DNA and fingerprint analysis on the vehicle used in the robbery. However, it was within trial counsel's professional judgment to decide whether or not to make these requests, and additionally Petitioner has not shown how he was prejudice by counsel's failure to request a DNA or fingerprint analysis.

Petitioner also argues that his trial counsel waived his right to speedy trial without permission, for no excusable reason, and with the deliberate hope that the Government would

8

supersede the indictment with 19 additional robberies. This argument is without merit. Petitioner's trial counsel requested several continuances based on the volume of evidence to be examined and the need to properly prepare for trial. Petitioner was a suspect in 14 robberies and the evidence as to each had to be examined because the Government was suggesting they may be introduced as 404(b) evidence. Requesting a continuance to properly prepare for trial does not fall below the "objective standard of reasonableness." In addition Petitioner has not demonstrated any prejudice resulting from the continuances

Petitioner next asserts that his trial counsel made the following errors at trial: failing to object to hearsay testimony by a government witness, failing to question a victim about the victim's description of the suspects, failing to object to testimony from jailhouse informants based on lack of credibility and relevance, and admitting in closing arguments that Petitioner was in the vehicle used in the robbery without Petitioner's permission. As to each of the evidentiary objections above, it was within trial counsel's discretion to decide whether or not there was a legal basis for the objection and whether or not to object. This falls into trial strategy, and the Court will not second guess counsel's decision as to whether object to evidence. As to closing arguments, it does not appear that Petitioner's trial counsel admitted that Petitioner was in the vehicle used in the robbery. In fact, Petitioner's trial counsel explicitly stated "[w]e have no idea whether or not [Petitioner] is in that car" and "[w]e do not know who was in the car." (Crim. Doc. 126, pp. 58–59). However, even if Petitioner's trial counsel did make such an admission, it was within his discretion, and he did not need Petitioner's permission to do so.

Petitioner next argues that he was effectively deprived of counsel at sentencing due to his counsel's failure to state a legal basis for his objections to the PSR and because his counsel told the Court how Petitioner's prior crimes were committed without Petitioner's permission. Counsel

did state a legal basis for some of his objections, but there is no requirement that counsel state the legal basis for his objections. Additionally, Petitioner has not demonstrated any prejudice from his counsel's failure to do so. Moreover, counsel's description of Petitioner's previous crimes (the burglaries) was an attempt to prevent Petitioner from being sentenced as an armed career criminal. In any event, he did not need Petitioner's permission to tell the Court how Petitioner's previous crimes were committed.

Lastly, Petitioner argues that his appellate counsel erred by failing to argue on appeal that he was improperly sentenced as an armed career criminal and that the trial court abused its discretion by allowing the jailhouse informants to testify about previously inadmissible evidence and by not allowing into evidence a hearsay statement by a victim. As explained above, any deficiency by Petitioner's appellate counsel for failing to raise Petitioner's improper armed career criminal enhancement on appeal is moot because Petitioner's sentence under ACCA is being set aside. As to the failure to raise possible evidentiary issues errors, it is not ineffective for appellate counsel to fail to raise every possible issue on appeal—appellate counsel must use his best judgment to decide which issues to raise. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (holding that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal") (citation omitted). Finally, Petitioner has not shown how he was prejudiced by his appellate counsel not raising the possible evidentiary errors on appeal.

Therefore, because Petitioner has failed to show how any of the individual alleged errors were deficient and prejudicial, the cumulative effect of errors committed by his trial and appellate counsel cannot render his counsel ineffective. Petitioner's motion as to Ground Four is denied.

### III. Conclusion

Accordingly, for the reasons expressed above, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's § 2255 motion (Civ. Doc. 1) is **GRANTED** to the extent that Petitioner's sentence is set aside because Petitioner no longer qualifies as an armed career criminal. Petitioner's § 2255 motion is **DENIED** in all other respects.

(2) The Clerk is directed to enter judgment in favor of Petitioner on Ground One in the civil case, in favor of the Government on Grounds Two, Three, and Four in the civil case, and then to close the civil case.

(3) Resentencing in Petitioner's criminal case will be set by separate order.

(4) The Probation Office will be ordered to prepare an amended Presentence Investigation Report by separate order in the criminal case.

(5) Counsel will be appointed to represent Petitioner at sentencing by separate order.

(6) Petitioner's motion for partial summary judgment (Civ. Doc. 14) is **DENIED AS MOOT.**

**DONE AND ORDERED** at Tampa, Florida, this 1st day of December, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies To:
Counsel of Record
*Pro se* Petitioner